DIANA GRIBBON MOTZ, Circuit Judge:
Ordinarily, a federal plaintiff lacking sufficient funds may proceed in forma pauperis , that is, without prepaying the filing fees, when filing a complaint or an appeal in federal court. But under the Prison Litigation Reform Act ("PLRA"), a court may not grant in forma pauperis status to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (the "three-strikes *614 rule"). This case requires us to decide whether an indigent prisoner may proceed in forma pauperis on appeal from the order assigning his third strike. For the reasons that follow, we conclude that he can and so grant his motions to do so.
I.
A.
Recognizing the importance of providing equal access to federal courts, Congress has provided that indigent prisoners may, before a court rules on the merits of a case, seek to proceed "without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). Prisoners who do so do not avoid paying the filing fees entirely. Rather, the statute "requires that a prisoner (1) pay an initial partial filing fee based on the funds available in the prisoner's account; and (2) make monthly payments of '20 percent of the preceding month's income credited to the prisoner's account.' " Tolbert v. Stevenson , 635 F.3d 646, 648 n.1 (4th Cir. 2011) (quoting 28 U.S.C. § 1915(b)(1)-(2) ).
Even so, Congress has long recognized the potential for abuse in this system, which reduces the immediate "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Coleman v. Tollefson , --- U.S. ----, 135 S. Ct. 1759, 1762, 191 L.Ed.2d 803 (2015) (internal quotation marks omitted). Concluding this was especially true for prisoner suits, Congress "enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good" through the Prison Litigation Reform Act of 1996 ("PLRA"). Jones v. Bock , 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ; see also Coleman , 135 S. Ct. at 1762.
The "three-strikes rule" is one such reform. It provides that a prisoner may not bring a civil action or an appeal in forma pauperis if he has had three prior actions or appeals dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). In this case, we must decide whether an indigent prisoner may proceed in forma pauperis on appeal from the very order assigning his third strike.
B.
Therl Taylor, an indigent state prisoner, filed three pro se civil rights actions in the District of South Carolina against various employees of the South Carolina Department of Corrections and the City of Allendale (collectively, "Appellees").
In the first action, filed on December 14, 2015, Taylor alleged that seven employees of the South Carolina Department of Corrections and the City of Allendale had denied him access to the prison's mailroom services, interfering with his ability to petition the courts. In the second action, filed against a similar group of corrections officials on June 20, 2016, Taylor alleged that the officials violated his rights by transferring him to a new unit. He also made general allegations of "corruption, drug smuggling, [and] high rates of violence." Taylor filed a third action on September 8, 2016, again alleging that corrections officials had improperly transferred him to another unit and confiscated his personal belongings. In a set of three orders issued on the same day, the district court dismissed each complaint for failure to state a claim and so assigned Taylor three "strikes" under § 1915(g).
Taylor timely filed a pro se notice of appeal in each case, again on the same day, and moved in each to proceed in forma pauperis , which Appellees opposed. We consolidated the three cases, provisionally granted Taylor in forma pauperis status, *615 and appointed counsel for him to address the following issue: "Whether trial court dismissal only qualifies as a strike for PLRA purposes if it occurred in a different lawsuit."
II.
We considered the exact issue presented here in Henslee v. Keller , 681 F.3d 538 (4th Cir. 2012). There, as here, a state prisoner appealed the district court's dismissal of his third qualifying complaint for failure to state a claim and moved to proceed in forma pauperis on appeal. Id. at 539. Adopting the view then widely held by other circuits, we concluded that the prisoner could so proceed because "counting the district court's dismissal as the third strike under [ § 1915(g) ] would effectively insulate the dismissal from appellate review." Id. at 539, 541-42.[1]
To reach this conclusion, we first found the term "occasion" in § 1915(g) to be ambiguous. Id. at 542. We then turned to the statute's history and purpose, which "indicate[d] that Congress's intention was to limit frivolous prisoner litigation without preventing meritorious claims from being heard." Id. at 543. Against this backdrop, we observed that denying in forma pauperis status in these circumstances would "freeze out meritorious claims or ossify district court errors by effectively preventing the appellate courts from performing their function." Id. (internal quotation marks omitted). Because the statute's history and purpose evidenced no intent to do so, we held that "the dismissal of the underlying claim" did not "act as a strike to preclude [in forma pauperis ] status on its own appeal." Id.
Three years after we decided Henslee , the Supreme Court considered a related but factually distinct issue: whether a prisoner whose third strike was pending on appeal could file "several additional actions" in forma pauperis . Coleman , 135 S. Ct. at 1761 (emphasis added). In holding that a prisoner could not do so, the Court focused on when a dismissal becomes final under § 1915(g). Id. at 1763-64. The Coleman Court reasoned that because the term "dismiss ... does not normally include subsequent appellate activity," a district court's dismissal of an action immediately counts as a strike under § 1915(g) as to all later-filed additional actions. Id. at 1763.
Resisting this result, the prisoner in Coleman had argued, based in part on a portion of our rationale in Henslee , that the phrase "prior occasions" created ambiguity as to the meaning of when an action or appeal "was dismissed." Id. The Supreme Court rejected this argument - and thus some of our reasoning in Henslee - and held that nothing in the phrase " 'prior occasions' ... transform[s] a dismissal into a dismissal-plus-appellate-review." Id. (quoting 28 U.S.C. § 1915(g) ).
Notwithstanding its rejection of the prisoner's claim in Coleman , the Supreme Court found it unnecessary to decide the question we faced in Henslee and we face again today: that is, may a prisoner proceed in forma pauperis on "appeal from the trial court's dismissal of his third complaint"? Id. at 1765. The United States, appearing as amicus curiae for the prison *616 officials, offered an answer of its own: it argued that § 1915(g) was best read to afford a prisoner in forma pauperis status on appeal from the third qualifying dismissal. See Brief for the United States as Amicus Curiae Supporting Respondents at 25-27, Coleman, 135 S. Ct. 1759 (No. 13-1333), 2015 WL 272362 [hereinafter "Brief for the United States as Amicus Curiae"]. After explaining the Solicitor General's position, the Supreme Court expressly left for another day resolution of whether that position was correct. Coleman , 135 S. Ct. at 1765.
We now consider again the issue resolved in Henslee but left open by the Court in Coleman .[2] Taylor maintains that we should reach the same conclusion here. While conceding that the Coleman Court left this question "unresolved," Appellees nonetheless maintain that the Coleman Court's rationale "supports" a different result.
III.
We review de novo questions of statutory interpretation, including application of the three-strikes rule. Tolbert , 635 F.3d at 649.
A.
1.
We begin, as always, with the text of the statute, read in "the specific context in which that language is used, and the broader context of the statute as a whole." Robinson v. Shell Oil Co. , 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). Where the text is unambiguous, our inquiry is complete. Nat'l Ass'n of Mfrs. v. Dep't of Def. , --- U.S. ----, 138 S. Ct. 617, 631, 199 L.Ed.2d 501 (2018).
Section 1915 provides that a prisoner may not "bring a civil action or appeal a judgment in a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated ..., brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added).[3] We must therefore decide whether the district court's dismissal in this case occurred on a "prior occasion." If it did, Taylor has three strikes and may not proceed in forma pauperis ; if not, we must grant his motions.
In the context of a direct appeal, the ordinary meaning of the term "prior" most naturally encompasses dismissals in other actions, but not in the underlying dismissal that is on appeal. In Coleman itself, both the Sixth Circuit and the Solicitor General found it obvious that a district court decision is not a "prior occasion[ ]" in this context. As the Solicitor General put it, "[t]he phrase 'prior occasions' is most sensibly read as referring to strikes imposed in prior-filed suits, not to those imposed in an earlier stage of the same suit." Brief for the United States as Amicus Curiae at 25; see also Coleman v. Tollefson , 733 F.3d 175, 178 (6th Cir. 2013). Indeed, we and other appellate courts regularly (and intuitively) describe proceedings before the district *617 court as part of "this case," not as a "prior case." See, e.g. , Sierra Club v. Va. Elec. & Power Co. , 903 F.3d 403, 409 (4th Cir. 2018). Thus, although a district court's dismissal of an action is surely an "occasion" from the perspective of the court of appeals, it is not a "prior occasion." Brief for the United States as Amicus Curiae at 26.
This understanding of the term "prior" in § 1915(g) also comports with "the way in which the law ordinarily treats trial court judgments." Coleman , 135 S. Ct. at 1764. As the Supreme Court explained in Coleman , "a trial court's judgment" ordinarily "takes effect despite a pending appeal," and "a judgment's preclusive effect is generally immediate." Id. (citing Clay v. United States , 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) ). In Coleman , that fact reinforced the conclusion that, as to the filing of a fourth action, a district court's dismissal - and its assignment of a strike under § 1915(g) - was a final judgment. The opposite is true in the present context: because a district court judgment has no preclusive effect on appeal from the ruling itself, it would be anomalous to treat it as a "prior" occasion under § 1915(g). See Richey , 807 F.3d at 1209 (noting "[w]hile judgments are immediately preclusive as to successive suits, ... they are certainly not preclusive to the panel on appeal"); cf . 18 Charles Alan Wright et al., Federal Practice and Procedure § 4401 (3d ed. 2008) ("Claim preclusion ... is not appropriate within a single lawsuit so long as it continues to be managed as a single action.").[4]
Moreover, to hold otherwise would be to read out the term "prior" and violate the cardinal rule of statutory construction that we are "obliged to give effect, if possible, to every word Congress used." Nat'l Ass'n of Mfrs. , 138 S. Ct. at 632 (internal quotation marks omitted); see also Carroll v. Logan , 735 F.3d 147, 152 (4th Cir. 2013). To see why this is so, consider how the statute works in practice. Section 1915(g) provides that a prisoner may not "bring a civil action or appeal a judgment in a civil action" in forma pauperis if he has three strikes. Courts therefore count a prisoner's strikes as of the date the prisoner files the complaint or appeal. See, e.g. , Millhouse v. Heath , 866 F.3d 152, 154 (3d Cir. 2017) ; Thomas v. Parker , 672 F.3d 1182, 1183 (10th Cir. 2012). Thus, a strike imposed on any occasion will always be "prior" to a court's decision to grant or deny a motion to proceed in forma pauperis . Had Congress intended to achieve the result Appellees advance, there would be no need to use the word "prior" at all. See Brief for the United States as Amicus Curiae at 25-26. By including it, Congress made clear that an appeals court should count a prisoner's strikes not in the same action, but in prior actions.[5]
*618 The facts of this case illustrate why our reading of the statute is the correct one. The parties have (rightly) presented this case as requiring us to decide the question left open in Coleman : whether an indigent prisoner may proceed in forma pauperis on appeal from a district court's third strike. But because the district court here dismissed each of Taylor's claims on the same day, Appellees' logic would prevent Taylor from proceeding in forma pauperis on appeal from any of his three dismissals, not just the third. This is so because on Appellees' reading, from the perspective of each individual appeal, Taylor has received three qualifying dismissals under § 1915(g). Thus, accepting Appellees' reading of the statute would mean that a district court's docket management practices - over which a prisoner has no control - could effectively curtail a litigant's right to appeal.[6] We do not believe Congress intended a scheme that would produce such an arbitrary result.[7]
2.
Contrary to Appellees' suggestion, the Supreme Court's rationale in Coleman does not support a different result.
In making this argument, Appellees first attempt to distort the Court's reasoning to suggest that, despite explicitly reserving the question presented here, the Supreme Court somehow resolved it. We must reject this effort. Coleman held that a dismissal is final for the purpose of counting strikes in a different lawsuit. Coleman , 135 S. Ct. at 1763-64. In so holding, the Supreme Court rejected our reasoning in Henslee as to the ambiguity of the term "occasion." Id. at 1763. But the Court's reasoning did not focus on the meaning of the term "prior," nor did the Court determine whether a dismissal in the underlying case on appeal counts as a "prior occasion" under § 1915(g).
Appellees also argue that the Coleman Court's statement that "[t]he in forma pauperis statute repeatedly treats the trial and appellate stages of litigation as distinct" resolves the question before us. Coleman , 135 S. Ct. at 1763. Not so. The Supreme Court made this statement in the context of deciding whether a dismissal becomes final when entered or once it is affirmed on appeal. See id. ("Linguistically speaking, we see nothing about the phrase 'prior occasions' that would transform a dismissal into a dismissal-plus-appellate-review."
*619 ). That statement says nothing about whether the term "prior" refers to an appeal of the very strike at issue in the case. As we have explained, the text and structure of § 1915(g) make clear that for the term "prior" to have meaning, it must refer to a dismissal in a prior action, not the same action.
If anything, the Supreme Court's rationale in Coleman supports the holding we reach. As noted above, our reading accords with how the law ordinarily treats the preclusive effect of trial court judgments. Moreover, the "leaky filter" problem that the Supreme Court identified in Coleman is not present here. Coleman , 135 S. Ct. at 1764. As the Court then explained, "[a]ppeals take time," and by delaying the effect of a district court dismissal, "a prisoner could file many lawsuits, including additional lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted." Id. Indeed, that is precisely what happened in Coleman itself. The same is not true here, for our holding grants Taylor in forma pauperis status only on appeal from his third strike, not in any later-filed suits. Thus, Taylor remains unable to proceed in forma pauperis on any lawsuits filed subsequent to the district court's strike, absent a showing that he qualifies for the imminent danger exception.
B.
Even setting aside the foregoing analysis, our prior decision in Henslee dictates the same result. To be sure, the Coleman Court rejected a portion of our analysis in Henslee when resolving a different question. But much of Henslee 's reasoning was left untouched. And Coleman plainly reserved decision on the issue actually resolved in Henslee and presented again here. Coleman , 135 S. Ct. at 1765.
"We do not lightly presume that the law of the circuit has been overturned," especially "where, as here, the Supreme Court opinion and our precedent can be read harmoniously." United States v. White , 670 F.3d 498, 516-17 (4th Cir. 2012) (Duncan, J, concurring). Adhering to our longstanding rule that a panel of this court is "bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision" demands nothing less. United States v. Ruhe , 191 F.3d 376, 388 (4th Cir. 1999).
We have expressly held that when a Supreme Court decision abrogates one portion of our rationale in a prior case but not another, the rationale not abrogated by the Supreme Court nonetheless binds future panels of this court. See, e.g. , United States v. Middleton , 883 F.3d 485, 491 (4th Cir. 2018) (holding that although Supreme Court case "abrogated a portion" of our prior precedent, other parts remained "good law"); United States v. Obey , 790 F.3d 545, 549 (4th Cir. 2015) (explaining that prior decision of this court remained controlling precedent where later Supreme Court decision abrogated it in one application, but left open, and "may well [have] endorse[d]," its application in another); see also United States v. Hill , 776 F.3d 243, 247-49 (4th Cir. 2015) (holding circuit precedent "controls" where Supreme Court did not directly contradict our prior holding). We are bound to apply the same rule here.
It would be especially anomalous to jettison Henslee when such a substantial portion of the reasoning that guided our inquiry in that case applies with equal force today. As we recognized there, denying in forma pauperis status in this context would "effectively eliminate our appellate function" and "freeze out meritorious claims or ossify district court errors."
*620 Henslee , 681 F.3d at 543 (internal quotation marks omitted); see also Richey , 807 F.3d at 1209. We also recognized in passing that a "district court dismissal of [a] 'plaintiff's present action' d[oes] not constitute [a] 'prior action[ ]' and thus do[es] not count as [a] third strike" on its own appeal. Henslee , 681 F.3d at 543 (emphases added) (quoting Pigg , 106 F.3d at 1498 ). Then and now, we cannot say that Congress meant "to alter the rule of 28 U.S.C. § 1291, which allows appeals as of right for nearly all civil actions," without clear textual evidence of its intent to do so. Henslee , 681 F.3d at 543.
IV.
For the reasons set forth herein, we join the Ninth and Tenth Circuits to reaffirm that a district court's dismissal of a prisoner's complaint does not, in an appeal of that dismissal, qualify as a "prior" dismissal. Accordingly, Taylor's motions to proceed in forma pauperis are
GRANTED .

Appellees agree that at that time, "there was no significant circuit split" on this question. See, e.g. , Henslee , 681 F.3d at 541-42 ; Thompson v. DEA , 492 F.3d 428, 432-33 (D.C. Cir. 2007) ; Pigg v. FBI , 106 F.3d 1497, 1498 (10th Cir. 1997) (per curiam); Adepegba v. Hammons , 103 F.3d 383, 387-88 (5th Cir. 1996). Even the Seventh Circuit, which had interpreted the statute in a way that appeared to bar an in forma pauperis appeal of a prisoner's third strike, allowed such an appeal through a motion under Fed. R. App. P. 24(a)(5). See Robinson v. Powell , 297 F.3d 540, 541 (7th Cir. 2002).

Since the issuance of Coleman , two circuits have adhered to the prior consensus view that a prisoner may pursue in forma pauperis status on appeal of a third strike. See Richey v. Dahne , 807 F.3d 1202, 1209 (9th Cir. 2015) ; Dawson v. Coffman , 651 F. App'x 840, 842 n.2 (10th Cir. 2016). Only one has reached a contrary result. Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager , 870 F.3d 144, 152-53 (3d Cir. 2017).

The parties agree that the exception for cases in which "the prisoner is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), does not apply here.

The dissent suggests that the Coleman Court's reliance on preclusion law "was an afterthought." We are not free to make such a judgment about the reasoning of a unanimous opinion of the Supreme Court. Even if we could, we must disagree with our colleague's characterization. As in Coleman , we hold only that "[o]ur literal reading of" § 1915(g) is reinforced by black-letter preclusion law. 135 S. Ct. at 1764.

In holding to the contrary, the Third Circuit reasoned that "the term 'prior' sets a temporal parameter" that instructs courts to count only "strikes accrued earlier in time than the notice of appeal," excluding "later-accrued strikes." See Parker , 870 F.3d at 153. But the first clause of § 1915(g), which provides that a prisoner may not "bring a civil action or appeal a judgment in a civil action," accomplishes this very same goal. Rather than clarifying a rule already set by another part of § 1915(g), the term "prior" more naturally refers to strikes imposed in a prior action, not the same action.

For example, imagine that the district court had dismissed each of Taylor's complaints one week apart, and Taylor had noted a timely appeal in his first two dismissals before receiving his third. Because we decide whether to grant in forma pauperis status as of the date the appeal is filed, see supra at 617-18, Appellees' logic would dictate that we grant Taylor's motions to proceed in forma pauperis in the first two cases but not the third. Yet because the district court in this case dismissed each of Taylor's complaints on the same day and thus prevented him from noting an appeal in any of his cases until all three were dismissed, Appellees would grant Taylor in forma pauperis appeal in none of his three cases. That simply cannot be the rule Congress intended.
Of course, we do not doubt the district court's broad authority to manage its own docket. The point is simply that those choices should not affect the neutral operation of § 1915(g). The most sensible result, and the one consistent with the language of the statute, would permit a litigant to proceed in forma pauperis in all three cases in both examples cited above, provided he or she has no other qualifying dismissals.

Contrary to our dissenting colleague's suggestion, we doubt whether Congress intended such an arbitrary result - one in which a litigant's appellate rights effectively turn on how a district court manages its docket - not whether that result is a "harsh" one. The latter question surely rests with Congress; the former counsels in favor of our reading of the term "prior" in § 1915(g).