**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1037

BRIAN HILL,

Plaintiff - Appellant,

v.

TOWN OF MOCKSVILLE, NORTH CAROLINA; PATRICK REAGAN, in his official and individual capacities; MATT SETTLEMYER, in his official and individual capacities,

Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:20-cv-00653-TDS)

Submitted: January 13, 2023                    Decided: April 13, 2023

Before NIEMEYER and QUATTLEBAUM, Circuit Judges and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wilson Fong, HENSEL LAW PLLC, Greensboro, North Carolina, for Appellant.(Steven A. Bader, Raleigh, North Carolina, Patrick H. Flanagan, CRANFILL SUMMER LLP, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Hill brought a First Amendment retaliation claim against the Town of Mocksville, as well as the Mocksville Chief of Police and the Town Manager in their official and individual capacities (collectively "the Town") pursuant to 42 U.S.C. § 1983. Hill claimed he was wrongfully terminated from his patrol officer position with the Town of Mocksville Police Department in response to having spoken to members of the Mocksville Town Board about corruption and mismanagement concerns within the police department. The Town moved for summary judgment and the district court granted that motion. Hill timely appealed. For the reasons set forth below, we affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

It is well established that, "in order for an adverse employment action to violate a public employee's First Amendment rights to freedom of speech, it must be the case (1) that the employee was speaking as a citizen upon a matter of public concern rather than as an employee about a matter of personal interest; (2) that his interest in speaking upon the matter of public concern outweighed the government's interest in providing effective and efficient services to the public; and (3) that his speech was a substantial factor in the employer's decision to take action against him." *Smith v. Gilchrist*, 749 F.3d 302, 308 (4th

2

Cir. 2014) (internal quotation marks omitted); *see also McVey v. Stacy*, 157 F.3d 271, 277–78 (4th Cir. 1998) (setting forth three-part test); *see generally Brooks v. Arthur*, 685 F.3d 367, 370-71 (4th Cir. 2012) (describing origins of *McVey* three-part test).

The district court considered the three-prong test and concluded that Hill was speaking as a private citizen when he spoke to the Town Board members on his own time. The court also concluded that at least some of Hill's speech was on a matter of public concern sufficient to satisfy the first prong. Viewing the facts in the light most favorable to Hill, the court also concluded that Hill's interest in speaking about allegedly illegal matters and inefficiency within the police department outweighed the Town's interest in promoting efficient public service. Thus, the court determined he satisfied the second prong. But the court concluded that Hill ultimately failed at the third prong of the analysis concerning causation. Assuming, without deciding that Hill's speech was a substantial and motivating factor for his termination, the court granted summary judgment in favor of the Town because the Town demonstrated by a preponderance of the evidence that it would have made the same employment decision absent the protected conduct.

On appeal, Hill argues that the district court applied the incorrect test in analyzing the third prong and also asks us to turn from our precedent to create a new standard by forgoing part of the First Amendment retaliation causation analysis. But Hill's arguments reflect a misunderstanding of our case law.

The district court correctly concluded that the third prong is a two-step analysis, with its foundation in the Supreme Court's landmark decision *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274 (1977). In that case, the Supreme Court

3

outlined the test courts use to determine whether a public employee was unconstitutionally discharged for exercising free speech rights. The employee has the initial burden of showing that his conduct was constitutionally protected, and that the conduct was a "substantial" or "motivating factor" in the adverse employment decision. *Id.* at 287. But if the employee meets that initial burden, the burden shifts to the public employer to show by a preponderance of the evidence that it would have reached the same employment result even in the absence of the protected speech. *Id.*; *see also Hughes v. Bedsole*, 48 F.3d 1376, 1385–86 (4th Cir. 1995) (applying the *Mt. Healthy* burden-shifting analysis in addressing a wrongful discharge claim based on exercise of the right to free speech).

We have not strayed from this legal standard. *See Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1140 (4th Cir. 1990) ("The causation requirement is rigorous…"); *Bland v. Roberts*, 730 F.3d 368, 375 (4th Cir. 2013) ("And if the plaintiff satisfies that burden, the defendant will avoid liability if he can demonstrate, by a preponderance of the evidence, that he would have made the same employment decision absent the protected expression"); *Penley v. McDowell Cnty. Bd. of Educ.*, 876 F.3d 646, 654 (4th Cir. 2017) ("This court recently reiterated a two-step process for analyzing the requisite 'but for' causation necessary to satisfy the causation prong" of the applicable test where a public employee sues a government employer for First Amendment retaliation). And we are bound by our precedent. *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019)

And once we apply the test, the record supports the district court's grant of summary judgment. A reasonable jury could not have found the requisite rigorous causation requirement satisfied in light of Hill's numerous personnel complaints, infractions and

4

other incidents, most significantly his surreptitious recording of his co-workers in violation of the police department's policy prior to his termination. *See also Huang*, 902 F.2d at 1141 ("There is not a scintilla of evidence that the Chancellor's decision was infected with a retaliatory motive traceable to the alleged 1980 whistle-blowing incident…. In these circumstances, summary judgment was plainly appropriate."). Accordingly, we affirm the district court's order granting summary judgment in favor of the Town.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*