**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 21-1897

---

FAUSTINO SANCHEZ CARRERA; JESUS DAVID MURO; MAGDALENO GERVACIO,

        Plaintiffs - Appellees,

      v.

E.M.D. SALES INC.; ELDA M. DEVARIE,

        Defendants - Appellants.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:17-cv-03066-JKB)

---

Argued:  March 8, 2023                         Decided:  July 27, 2023

---

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

---

Affirmed by published opinion.  Judge Harris wrote the opinion, in which Judge Wynn and Judge Heytens joined.

---

**ARGUED:**  Eduardo Samuel Garcia, STEIN SPERLING BENNETT DEJONG DRISCOLL PC, Rockville, Maryland, for Appellants/Cross-Appellees.  Omar Vincent Melehy, MELEHY & ASSOCIATES LLC, Silver Spring, Maryland, for Appellees/Cross-Appellants. **ON BRIEF:** Jeffrey M. Schwaber, STEIN SPERLING BENNETT DEJONG DRISCOLL PC, Rockville, Maryland, for Appellants/Cross-Appellees.  Andrew Balashov, MELEHY & ASSOCIATES LLC, Silver Spring, Maryland, for Appellees/Cross-Appellants.

PAMELA HARRIS, Circuit Judge:

The plaintiffs in this case are three sales representatives who alleged that their employer, a food-products distributor, did not pay them the overtime wages to which they were entitled under the Fair Labor Standards Act ("FLSA" or "Act"). Their employer defended on the ground that the plaintiffs fell within the Act's "outside sales" exemption, which excuses overtime pay for employees who work outside the office and whose primary duty is making sales.

After a nine-day bench trial, the district court found that the plaintiffs were indeed owed overtime pay because their employer had failed to prove, by clear and convincing evidence, that they came within the outside sales exemption. The court also awarded liquidated damages to the plaintiffs, finding that the employer had not shown objectively reasonable grounds for the challenged pay practices. At the same time, the court concluded, the plaintiffs had not shown that their employer willfully violated the Act, which meant that damages were calculated consistent with the standard two-year statute of limitations and not the extended three-year period for willful violations.

Both parties now appeal: The employer challenges the district court's liability finding and its award of liquidated damages, and the plaintiffs cross-appeal the court's willfulness finding and attendant application of the two-year statute of limitations. For the reasons given below, we affirm the district court's judgment in all respects.

2

**I.**

**A.**

We begin by outlining the statutory and regulatory provisions relevant to this appeal. Among the protections the FLSA provides employees is overtime pay, or the right to be paid at time and a half for work above the maximum hours set by the Act, generally 40 hours per week. 29 U.S.C. § 207(a); *see Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012). There are, however, multiple exemptions from this requirement, *see* 29 U.S.C. § 213, including the "outside sales" exemption, which excludes from § 207(a)'s protections any worker "employed . . . in the capacity of outside salesman," 29 U.S.C. § 213(a)(1).

Congress did not define the term "outside salesman" in the FLSA. Instead, it expressly delegated that task to the Department of Labor ("DOL"). *See id.* Under DOL's regulations – which no party challenges here – an "outside salesman" is an employee whose "primary duty is [] making sales" and who "customarily and regularly" works away from the employer's place of business in performing that primary duty. *See* 29 C.F.R. § 541.500(a).

Everyone agrees that the employees in this case, who worked for a company that distributes food products to grocery stores, satisfied the second part of this definition, in that they regularly worked outside the office while servicing stores on their assigned routes. Our focus is on the first part of the definition, limiting the exemption to employees whose "primary duty" is the making of sales. DOL's outside sales regulation incorporates the general regulatory definition of "primary duty" as the "principal, main, major or most

3

important duty that the employee performs." 29 C.F.R. § 541.500(b) (incorporating definition at 29 C.F.R. § 541.700). But the regulations also provide guidance specific to sales: Work performed "incidental to and in conjunction with the employee's *own* outside sales or solicitations" – including promotional work – counts as exempt "outside sales work." 29 C.F.R. § 541.500(b) (emphasis added); *see* 29 C.F.R. § 541.503(a) (discussing promotional work). But "promotional work that is incidental to sales made, or to be made, by *someone else*" is not treated as exempt sales work in applying the "primary duty" standard. 29 C.F.R. § 541.503(a) (emphasis added).

An employer who violates the FLSA's overtime-pay requirement is liable for unpaid wages and, generally, for an equal amount in liquidated damages. 29 U.S.C. § 216(b). The FLSA "plainly envisions that liquidated damages . . . are the norm." *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997). But a court "may, in its sound discretion, award no liquidated damages" if "the employer shows to the satisfaction of the court" that its violation "was in good faith and that [it] had reasonable grounds for believing" that its pay practices complied with the FLSA. 29 U.S.C. § 260.

One other provision bears on the calculation of damages here. The statute of limitations for FLSA claims usually is two years, putting a "limit on employers' exposure" to liability for unpaid wages and liquidated damages. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). But that period is extended to three years if a plaintiff can show that his employer's violation of the Act was "willful." 29 U.S.C. § 255(a); *see Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357–58 (4th Cir. 2011).

4

**B.**

1.

The plaintiffs in this case are Faustino Sanchez Carrera, Magdaleno Gervacio, and Jesus David Muro, all of whom worked as sales representatives for E.M.D. Sales Inc. ("EMD"). EMD is a distributor of Latin American, Caribbean, and Asian food products to chain and independent grocery stores, operating in the Washington, D.C., metropolitan area. As a direct store delivery vendor, EMD delivers its products directly to grocery stores (rather than to retail warehouses) and provides supplementary services on-site, including stocking and "conditioning" the shelves at those stores.

Each plaintiff sales representative was assigned to service a "route" of stores. As noted above, the parties agree that the plaintiffs spent most of their time out of the office and traveling their routes. At their assigned stores, the plaintiffs' daily tasks included restocking the shelves with EMD products, replenishing depleted products, removing damaged and expired items from the shelves, and issuing credits to the serviced stores for removed items – tasks the plaintiffs described as inventory management. The plaintiffs also were responsible for submitting orders from the stores for additional EMD products.

The plaintiffs' routes included both chain stores and independent groceries. The parties agree that servicing chain stores was at least half of the plaintiffs' job, and the district court found that the plaintiffs spent most of their time at those stores. That division of labor matters: While the plaintiffs could make at least some of their own sales to the independent groceries on their routes, sales opportunities were more limited – to a degree hotly contested by the parties – at chain stores, where high-level negotiations between

corporate buyers and EMD management generally determined what products the stores would carry.

2.

In 2017, the plaintiffs sued EMD and its Chief Executive Officer, Elda Devarie, alleging that they were denied overtime wages in violation of the FLSA. According to the plaintiffs, they worked roughly 60 hours per week as sales representatives, paid on a commission basis instead of hourly and without overtime compensation. The employees sought both unpaid overtime wages and liquidated damages, *see* 29 U.S.C. § 216(b), and argued that their back wages and damages should be calculated consistent with the three-year statute of limitations for "willful" violations of the FLSA, *see id.* § 255(a).

The defendants did not dispute that the plaintiffs worked for more than 40 hours a week without overtime pay. Instead, the defendants argued that they were not liable for overtime wages because their sales representatives qualified as "outside salesm[e]n" under § 213(a)(1)'s exemption. And even if there had been an FLSA violation, they argued, the court should decline to award liquidated damages because they had reasonable grounds for believing that no overtime pay was due, and it should apply only the standard two-year statute of limitations for non-willful violations.

The parties filed cross-motions for summary judgment on these issues, and in a thoroughly reasoned opinion, the district court denied the motions. *See Carrera v. E.M.D. Sales, Inc.* (*Carrera I*), 402 F. Supp. 3d 128 (D. Md. 2019). The court first addressed the burden of proof by which the defendants were required to establish their entitlement to the outside sales exemption. Relying on circuit precedent, *see, e.g., Shockley v. City of*

6

*Newport News*, 997 F.2d 18, 21 (4th Cir. 1993), the plaintiffs argued for a "clear and convincing" standard of proof. The defendants, on the other hand, cited the Supreme Court's then-recent decision in *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018), which rejected a canon of construction calling for a narrow interpretation of the FLSA's exemptions, and argued for a lower "preponderance of the evidence" standard. The district court agreed with the plaintiffs, explaining that "nothing in the *Encino* decision relates to evidentiary burdens [or] even mention[s] the phrase 'preponderance of the evidence.'" *Carrera I*, 402 F. Supp. 3d at 146. That left the court bound, it concluded, by "longstanding Fourth Circuit precedent" dictating that an employer must prove its entitlement to an FLSA exemption by clear and convincing evidence. *Id.*

The district court then took up what it identified as the "crux of the parties' dispute": whether the "primary duty" of EMD's sales representatives was to make sales, and, specifically, whether sales representatives could make sales at the chain stores in which they spent most of their time. *Id.* at 136–37, 147–48. According to the plaintiffs, the orders they took for EMD products at chain stores were controlled by sales terms already negotiated by management; their time was spent only on promotional and inventory-management activities – restocking and rearranging products, issuing credits, taking orders – that were incidental to sales made at higher levels and therefore outside the scope of the exemption. *Id.*; *see* 29 C.F.R. § 541.503(a). The defendants took a different view, contending that sales representatives retained latitude to make sales at chain stores by securing additional space for EMD products. *Carrera I*, 402 F. Supp. 3d at 147. Because

7

the record gave rise to a genuine dispute of fact on this question, the district court denied both parties' summary judgment motions. *Id.* at 148–49.

The district court also found that fact disputes precluded summary judgment with respect to liquidated damages and the appropriate limitations period. As to liquidated damages, the court determined that there was a genuine dispute regarding the objective reasonableness of EMD's pay practices, centered on CEO Devarie's alleged failure to inform herself of the actual job responsibilities of EMD's sales representatives. *Id.* at 151. And the same record evidence, the court concluded, created a genuine dispute over Devarie's willfulness in failing to pay overtime to sales representatives. *Id.* at 151–52.

The case then went forward to a nine-day bench trial before the district court. At its close, the district court ruled for the plaintiffs on liability, finding that the defendants had not proved by clear and convincing evidence that their sales representatives were covered by the outside sales exemption. *Carrera v. E.M.D. Sales, Inc.* (*Carrera II*), No. JKB-17-3066, 2021 WL 1060258, at *5–7 (D. Md. Mar. 19, 2021). At chain stores, the district court found, the defendants had not shown that the plaintiffs could make their own sales; instead, they simply submitted orders to fill space or stock displays "already negotiated by EMD's management." *Id.* at *6. And while there might be some room, at some stores, to sell additional space for EMD products – and "EMD would undoubtedly welcome" those efforts – any such work would be "ancillary to sales representatives' primary responsibility" of "keeping shelves full, keeping shelves clean, and placing orders promptly," all incidental to sales "already negotiated and executed" by EMD management. *Id.* at *7. As for independent stores, the court found, while the plaintiffs did make sales in

8

those groceries, the defendants had not established that sales, rather than inventory management, was their "primary" responsibility. And in any event, the court reasoned, because the plaintiffs spent most of their time at chain stores, their "*overall* primary duty" could not be the making of sales. *Id.*

The court awarded the plaintiffs both their unpaid overtime wages and liquidated damages. As to liquidated damages, it found that the defendants had not carried their "substantial burden" of showing good faith or objectively reasonable grounds for their pay practices under § 260. *Id.* at *8 (quoting *Mayhew*, 125 F.3d at 220); *see* 29 U.S.C. § 260. Central to the court's determination was CEO Devarie's trial testimony, which revealed that the defendants had not investigated and did not have actual knowledge of EMD's sales representatives' daily job responsibilities. *Id.* The court declined, however, to extend the standard two-year statute of limitations for FLSA claims to three years, finding that the defendants' "error was one of neglect, not recklessness or willful misbehavior." *Id.*; *see* 29 U.S.C. § 255(a) (extending limitations period for "willful" violations). Here, too, the court put great weight on Devarie's testimony, finding her to be "impermissibly but credibly uninformed on the topic of how the FLSA applied" to her company's sales representatives. *Id.*

EMD and Devarie timely appealed the district court's liability finding and its award of liquidated damages. The plaintiffs then filed a timely cross-appeal, challenging the district court's finding that the defendants' FLSA violation was not "willful" for purposes of extending the limitations period.

9

**II.**

**A.**

We turn first to the district court's liability finding. The defendants challenge that finding on one ground only: that the district court erred as a matter of law in holding them to a "clear and convincing" standard of proof in showing that their employees were covered by the outside sales exemption. We review that question de novo, *see Everett v. Pitt Cnty. Bd. of Educ.*, 678 F.3d 281, 288 (4th Cir. 2012), and because we agree with the district court, we affirm its liability finding.

Our starting point here is straightforward. As the district court explained, it is well established in our circuit that when an employer defends an FLSA action on the ground that its employee falls within a § 213 exemption, it bears the burden of proof on that question (a point no party contests) and must carry that burden under the "clear and convincing evidence" standard. *See, e.g.*, *Shockley*, 997 F.2d at 21 ("Employers must prove by clear and convincing evidence that an employee qualifies for exemption."); *Desmond v. PNGI Charles Town Gaming*, 564 F.3d 688, 691 (4th Cir. 2009) ("[The employer] bore the burden of proving, by clear and convincing evidence, that the [employees'] jobs fell within the administrative exemption." (citation omitted)). Undaunted, the defendants present two arguments for why the district court nevertheless erred in applying that standard – instead of the lower "preponderance of the evidence" standard – to their case.

We may dispense briefly with the first. According to the defendants, while our court may have *said* "clear and convincing," it did not "consciously adopt[]" that standard –

10

meaning, as we understand it, that the court has not adequately explained its imposition of this heightened burden of proof, so its holdings may be overlooked. But that is not how panel precedent works. Indeed, we have explained as much in precisely this context: In *Desmond*, too, a defendant employer urged us to depart from our precedent on the burden of proof, citing critiques from other circuits. But as we reminded the defendant, "this Court unequivocally held that the proper standard is clear and convincing evidence" in *Shockley*, and one "panel cannot overrule the decision of a prior panel." *Desmond*, 564 F.3d at 691 n.3. "[A]bsent contrary law from an en banc or Supreme Court decision," all parties here – the defendants, the district court, and this panel – are bound by Fourth Circuit precedent establishing the burden of proof for FLSA exemptions. *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019).

That brings us to the defendants' second and more substantial argument: that there is indeed contrary Supreme Court law superseding our precedent, in the form of the Supreme Court's 2018 decision in *Encino Motorcars*. There, the Court rejected the principle that exemptions to the FLSA should be construed narrowly. 138 S. Ct. at 1142. That principle, the Court held, was not a "useful guidepost for interpreting the FLSA." *Id.* The Act's "exemptions are as much a part of the FLSA's purpose as the overtime-pay requirement" itself, the Court concluded, and "there is no reason to give them anything other than a fair (rather than a 'narrow') interpretation." *Id.* (alteration omitted). It follows, the defendants argue, that there also is no reason for a heightened clear and convincing standard of proof, rendering our prior case law "untenable" under *Encino Motorcars*. *See United States v. Banks*, 29 F.4th 168, 175 (4th Cir. 2022) (explaining that panel precedent

11

is not binding if it "subsequently proves untenable considering Supreme Court decisions" (internal quotation marks omitted)).

"We do not lightly presume that the law of the circuit has been overturned," *see Taylor*, 930 F.3d at 619, or rendered "no longer tenable," *see United States v. Brown*, 67 F.4th 200, 217 (4th Cir. 2023) (Heytens, J., concurring in the judgment) (outlining "high standard" applied to the inquiry). And here, we cannot agree with the defendants that it is impossible to reconcile our clear and convincing burden of proof with *Encino Motorcars*. *Encino Motorcars* is a case about statutory interpretation, and a canon of construction – now rejected – that mandated a narrow reading of the scope of the FLSA's exemptions. As the district court observed, *see Carrera I*, 402 F. Supp. 3d at 146, that is distinct from the question of what burden of proof an employer bears in proving the facts of its case – here, what EMD's employees actually *do* on the job, and whether they can make sales at the independent stores where they spend most of their time. *See Lederman v. Frontier Fire Prot., Inc.*, 685 F.3d 1151, 1156–58 (10th Cir. 2012) (distinguishing between evidentiary burdens as to factual questions and statutory-construction principles that govern the legal scope of the FLSA's exemptions); *Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 506–08 (7th Cir. 2007) (same). And because these are distinct concepts, it is entirely possible for us to read our precedent "harmoniously" with *Encino Motorcars*, *see Taylor*, 930 F.3d at 619, giving a fair, not narrow, legal construction to the FLSA's exemptions, *see* 138 S. Ct. at 1142, while also requiring employers to prove the facts that would put their employees within those exemptions by clear and convincing evidence.

12

Perhaps this court will want to revisit the appropriate evidentiary standard for FLSA exemptions in light of the Supreme Court's reasoning in *Encino Motorcars* and what can be extrapolated from it. But that is a choice that "belongs to the en banc Court rather than this panel." *See Brown*, 67 F.4th at 217–18 (Heytens, J., concurring in the judgment). At present, we are bound to conclude that the district court properly applied the law of this circuit in requiring the defendants to prove their entitlement to the outside sales exemption by clear and convincing evidence. Accordingly, we affirm the district court's finding that the defendants are liable under the FLSA for unpaid overtime compensation. *See Carrera II*, 2021 WL 1060258, at *9.

**B.**

We turn next to the parties' respective challenges to the district court's damages award. As to each, we affirm the district court's judgment.

First, the defendants contend that the district court erred in awarding liquidated damages after finding that they had not acted in good faith or demonstrated reasonable grounds for believing their pay practices complied with the FLSA. *See Carrera II*, 2021 WL 1060258, at *8. We review an award of liquidated damages under the FLSA only for an abuse of discretion. *McFeeley v. Jackson St. Ent., LLC*, 825 F.3d 235, 245 (4th Cir. 2016). Indeed, liquidated damages are "the norm" under the FLSA, *see Mayhew*, 125 F.3d at 220, and district courts are expressly vested with discretion when it comes to making exceptions: Only if an employer can "show to the satisfaction of the court" that he acted in "good faith" or had "reasonable grounds" for believing he was in compliance with the FLSA may the court, "in its sound discretion," deny liquidated damages. 29 U.S.C. § 260;

13

*see also Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 132 (4th Cir. 2015). The employer's threshold burden, we have explained, is a "substantial" one, *Mayhew*, 125 F.3d at 220, and even if he meets it, liquidated damages still may be awarded at the district court's discretion, 29 U.S.C. § 260.

Here, after a nine-day bench trial, the district court concluded that the defendants had not carried their substantial burden of establishing good faith or objectively reasonable grounds for believing that their sales representatives were excepted from the FLSA's overtime-pay requirement. *Carrera II*, 2021 WL 1060258, at *8. Critical to this determination was the court's finding, based on Devarie's testimony, that the defendants had failed to investigate the daily tasks of EMD's sales representatives and, as a result, lacked actual knowledge of their job responsibilities. *Id.* The court recognized that the employees' compensation structure was negotiated by their union and that Devarie had consulted with accountants regarding the FLSA. But because the defendants had not informed themselves of their employees' daily activities, the court reasoned, they could not have had "objectively reasonable grounds" for believing that the plaintiffs' actual job duties put them within the FLSA's outside sales exemption. *Id.*

We see no basis for finding an abuse of discretion here. There is ample evidence in the record to support the court's finding that the defendants had only an "aspirational" and not a "concrete" sense of what their sales representatives did and, specifically, their ability to make sales at chain stores. *Id.* And the district court was within its discretion in determining that without that knowledge, the defendants were not in a position to make a good faith or objectively reasonable judgment that the plaintiffs qualified as "outside

14

salesm[e]n" under the FLSA's exemption. *Cf. McFeeley*, 825 F.3d at 245 ("If mere assumption amounted to good faith and reasonable belief of compliance, no employer would have any incentive to educate itself and proactively conform to governing labor law.").

The plaintiffs, for their part, argue that the district court erred in declining to extend the FLSA's standard two-year limitations period to three years, based on its finding that the defendants' FLSA violation was not "willful." *See* 29 U.S.C. § 255(a). Here, the burden is on the plaintiffs to show willfulness, meaning that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Desmond*, 630 F.3d at 358 (alteration omitted). A district court's finding that an employer did not act willfully is a finding of fact, not to be disturbed unless clearly erroneous. *Martin v. Deiriggi*, 985 F.2d 129, 136 (4th Cir. 1992). And when a willfulness finding is "tied closely to a trial court's witness credibility determinations, appellate courts give great deference to the trial court's factual findings." *Id.*

This is just such a case. Again, the district court relied critically on CEO Devarie's testimony, which it credited, to find that the defendants acted unreasonably but not willfully in violating the FLSA. Devarie, the district court concluded, was "impermissibly but credibly uninformed" on the application of the FLSA to her sales representatives; her failure to inform herself was negligent, but it did not amount to reckless or willful misbehavior. *Carrera II*, 2021 WL 1060258, at *8. Giving "great deference" to that finding, *see Martin*, 985 F.2d at 136 – made by the district court after its "careful

15

consideration of the full trial record," *see Carrera II*, 2021 WL 1060258, at *8 – we find no clear error and affirm the district court's determination.

Finally, to the extent the parties each argue that the district court's findings as to good faith and reasonableness (for liquidated damages) and willfulness (for the limitations period) are in conflict, they are mistaken. To be sure, a finding that a defendant did not act willfully in violating the FLSA might support a determination that the defendant acted reasonably and in good faith, *see, e.g.*, *Roy v. County of Lexington*, 141 F.3d 533, 548 (4th Cir. 1998), and, of course, the opposite is also true. But the two need not go hand in hand. It can be the case *both* that an employer was unable to show an objectively reasonable basis for its pay practices *and* that the employer did not intentionally or recklessly underpay. *Desmond*, 630 F.3d at 358 (explaining that negligent, i.e., unreasonable, conduct "is insufficient to show willfulness"); *see also Braxton v. Jackson*, 782 F. App'x 240, 245 (4th Cir. 2019) (per curiam) (affirming district court finding of lack of good faith despite jury finding that defendants did not act willfully). Indeed, the FLSA clearly contemplates as much, establishing as the default rule both the award of liquidated damages – predicated on the absence of objective reasonableness – and a two-year statute of limitations – predicated on a non-willful violation. Accordingly, we see no inconsistency in the district court's rulings on these matters.

Finding no reversible error regarding the district court's award of liquidated damages or application of the two-year statute of limitations, we affirm as to both.

16

## III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*