**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4194**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON RASHAAD HILL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:23-cr-00114-MHL-1)

_____

Submitted:  January 23, 2025                                      Decided:  January 28, 2025

_____

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Patrick J. McGorman, Assistant United States Attorney, Vetan Kapoor, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Rashaad Hill entered a conditional guilty plea, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Hill to 24 months' imprisonment. Hill appeals his conviction pursuant to a provision of his plea agreement preserving his right to appeal the district court's denial of his motion to dismiss his indictment. He argues that the district court erred in denying his motion because § 922(g)(1) is unconstitutional both facially and as applied to him in the wake of the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Because Hill's arguments are foreclosed by binding circuit precedent, we affirm.

We review properly preserved constitutional claims de novo. *See United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012). However, "a panel of this Court is bound by prior precedent from other panels" and may not overturn prior panel decisions unless there is "contrary law from an en banc or Supreme Court decision." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (internal quotation marks omitted).

We turn first to Hill's facial challenge to § 922(g)(1). Hill argues that his conduct is protected by the text of the Second Amendment and that § 922(g)(1) is inconsistent with this country's history and tradition of firearm regulation. He further contends that this Court's prior decisions finding § 922(g)(1) facially constitutional were abrogated by the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024). However, in our recent decision in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), we reaffirmed our holding that § 922(g)(1) is facially constitutional and determined that this

2

conclusion is fully consistent with *Rahimi*. *Id.* at 160-62. Hill's facial challenge is thus squarely foreclosed by binding circuit precedent.

We turn next to Hill's as-applied challenge to § 922(g)(1). Hill argues that the Government has failed to adequately identify any historical traditions or analogues that would justify disarming individuals with similar convictions to his own. He also contends that we should adopt a categorical, felon-by-felon approach looking to the elements of a defendant's prior convictions to determine if they involved the use, attempted use, or threatened use of force. Once again, however, binding circuit precedent squarely forecloses Hill's argument. In our recent decision in *United States v. Hunt*, __ F.4th __, __, No. 22-4525, 2024 WL 5149611 (4th Cir. Dec. 18, 2024), we held that "neither *Bruen* nor *Rahimi* abrogates this Court's precedent foreclosing as-applied challenges to [§ ]922(g)(1)" and, further, that "[§ ]922(g)(1) would pass constitutional muster even if we were unconstrained by circuit precedent." *Id.* at *3. Hill's as-applied challenge thus also fails under binding circuit precedent.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3