**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4607**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN ALLEN BURNS, a/k/a Shawn Fain,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00033-TSK-MJA-1)

Submitted:  May 22, 2025                                    Decided:  May 27, 2025

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Hilary L. Godwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Allen Burns entered a conditional guilty plea, pursuant to a written plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Burns to 96 months' imprisonment. Burns appeals his conviction pursuant to a provision of his plea agreement preserving his right to appeal the district court's denial of his motion to dismiss his indictment. He argues that the district court erred in denying his motion because § 922(g)(1) is unconstitutional as applied to him in the wake of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We affirm.

We review properly preserved constitutional claims de novo. *See United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012). However, "a panel of this Court is bound by prior precedent from other panels" and may not overturn prior panel decisions unless there is "contrary law from an en banc or Supreme Court decision." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (internal quotation marks omitted).

Burns argues that § 922(g)(1) is unconstitutional as applied to him because there was no historical tradition at the time of the enactment of the Second Amendment of disarming felons convicted of drug offenses. However, binding circuit precedent squarely forecloses Burns's argument. In our recent decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), *petition for cert. filed*, No. 24-6818 (U.S. Mar. 20, 2025), we held that "neither *Bruen* nor [*United States v. Rahimi*, 602 U.S. 680 (2024),] abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)" and, further, that "Section 922(g)(1) would pass constitutional muster even if we were unconstrained by

2

circuit precedent." *Id.* at 702.  Burns's as-applied challenge thus fails under binding circuit precedent.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*