**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4346**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN DARSHAWN ESTERS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00013-TSK-MJA-1)

Submitted:  June 17, 2025                    Decided:  June 20, 2025

Before GREGORY, QUATTLEBAUM, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Elizabeth B. Gross, Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Jennifer T. Conklin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Darshawn Esters pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 36 months' imprisonment. Esters appeals, arguing that the district court erred in denying his motion to dismiss the indictment because § 922(g)(1) is unconstitutional as applied to him in the wake of the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). We affirm.

We review properly preserved constitutional claims de novo. *See United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012). However, "a panel of this Court is bound by prior precedent from other panels" and may not overturn prior panel decisions unless there is "contrary law from an en banc or Supreme Court decision." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (internal quotation marks omitted).

Esters argues that § 922(g)(1) is unconstitutional as applied to him because dangerousness is not a valid basis for permanently barring him from possessing firearms and "the people" in the Second Amendment refers to all Americans regardless of prior felony convictions. However, binding circuit precedent squarely forecloses Esters's argument. In our recent decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), *cert. denied*, No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025), we held that "neither *Bruen* nor *Rahimi* abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)" and, further, that "Section 922(g)(1) would pass constitutional muster

2

even if we were unconstrained by circuit precedent." *Id.* at 702. Esters's as-applied challenge thus fails under binding circuit precedent.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
