**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-4376**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

DARIUS DEONTAE LITTLE,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, Chief District Judge.  (3:24-cr-00101-TTC-DCK-1)

———————————

Submitted:  March 12, 2026                            Decided:  March 17, 2026

———————————

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  William Robinson Heroy, GOODMAN, CARR, LAUGHRUN, GREENE, & HEROY, PLLC, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Deontae Little entered a conditional guilty plea, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  The district court sentenced Little to 24 months' imprisonment, followed by three years of supervised release.  Little appeals his conviction pursuant to a provision of his plea agreement reserving his right to appeal the district court's denial of his motion to dismiss his indictment.  He argues that the district court erred in denying his motion because § 922(g)(1) is unconstitutional both facially and as applied to him in the wake of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  We affirm.

We review properly preserved constitutional claims de novo.  *See United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012).  However, "a panel of this Court is bound by prior precedent from other panels" and may not overturn prior panel decisions unless there is "contrary law from an en banc or Supreme Court decision."  *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (citation modified).

In Little's facial challenge to § 922(g)(1), he cites *United States v. Rahimi*, 602 U.S. 680 (2024), to argue that his conduct is protected by the text of the Second Amendment and that § 922(g)(1) is inconsistent with this country's history and tradition of firearm regulation.  However, in our decision in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), we reaffirmed our holding that § 922(g)(1) is facially constitutional and determined that this conclusion is fully consistent with *Rahimi*.  *Id.* at 160-62.  Little's facial challenge is thus squarely foreclosed by binding circuit precedent.

2

We turn next to Little's as-applied challenge to § 922(g)(1). Little argues that the Government has failed to adequately identify any historical traditions or analogues that would justify disarming nonviolent offenders such as himself. Once again, however, binding circuit precedent squarely forecloses Little's argument. In *United States v. Hunt*, we held that "neither *Bruen* nor *Rahimi* abrogates this Court's precedent foreclosing as-applied challenges to [§ ]922(g)(1)" and, further, that "[§ ]922(g)(1) would pass constitutional muster even if we were unconstrained by circuit precedent." 123 F.4th 697, 702 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025). Little's as-applied challenge thus also fails under binding circuit precedent.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*