FILED: September 7, 2022

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4369
(1:19-cr-00449-LO-1)

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH WENDELL RAVENELL,

Defendant - Appellant.

O R D E R

The court denies appellant's petition for en banc reconsideration of this court's denial of his motion for bail and stay of sentence pending appeal.

A requested poll of the court failed to produce a majority of judges in regular active service and not disqualified who voted in favor of reconsideration en banc. Chief Judge Gregory, Judge Motz, Judge King, Judge Wynn, and Judge Thacker voted to grant reconsideration en banc. Judge Wilkinson, Judge Niemeyer, Judge Agee, Judge Diaz,

Judge Harris, Judge Richardson, Judge Quattlebaum, Judge Rushing, and Judge Heytens voted to deny reconsideration en banc.

Judge Wynn wrote a dissenting opinion, in which Judges Motz, King, and Thacker joined.

Entered at the direction of Judge Agee.

For the Court

/s/ Patricia S. Connor, Clerk

WYNN, Circuit Judge, with whom Judges MOTZ, KING and THACKER join, dissenting from the denial of rehearing en banc:

The Court today refuses to consider a trial judge's order denying the motion of Kenneth Ravenell—a prominent African American attorney in Baltimore—for bail or release pending appeal.[1] What puzzles me is that this same Court had no problem with granting the former Governor of Virginia, Robert McDonnell, the very same relief that Ravenell seeks even though there is no relevant factual difference between the two defendants' motions.

Like Governor McDonnell, the trial judge denied Ravenell bail. Like Governor McDonnell, Ravenell appealed to this Court for relief. Like Governor McDonnell, it is undisputed that Ravenell is not likely to flee or pose a danger to the safety of any other person or the community if released.[2] So, like Governor McDonnell, the only question here is whether Ravenell's appeal raises "a substantial question of law or fact likely to result in . . . an order for a new trial." 18 U.S.C. § 3143(b)(1)(B). A "substantial question" is defined as "a close question that could be decided either way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (per curiam).

Herein lies the rub. The issue of whether a substantial question is present is far more evident in Ravenell's case than it was in Governor McDonnell's case. Ravenell points to

---

[1] On appeal to this Court, a divided panel, inexplicably, declined to reverse the trial court's order. Ravenell now asks us to vacate that panel determination, consider his motion en banc, and reverse the trial court's order.

[2] Nor is there any contention that his appeal is brought "for the purpose of delay." 18 U.S.C. § 3143(b)(1)(B).

3

an extraordinarily close question of whether the trial judge should have instructed the jury on the statute of limitations on the basis of significant evidence that the statute of limitations bars *all of the conduct* related to Ravenell's offense from criminal prosecution. And, as in Governor McDonnell's case, "'if decided in favor of the accused[,]' [this issue] is 'important enough' to warrant reversal or a new trial." Order Granting Release Pending Appeal at 2, *U.S. v. McDonnell*, No. 15-4019 (4th Cir. Jan. 26, 2015) (quoting *Steinhorn*, 927 F.2d at 196).

Try as one might, one can point to no discernible difference that justifies granting release pending appeal to Governor McDonnell and denying it to Ravenell. It is an inconsistency that my good colleagues decline to confront. That's not fair.

I dissent.