**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4067**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

RANDALL GARETH KINGMAN,

Defendant – Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson. Donald C. Coggins, Jr., District Judge. (8:20-cr-00768-DCC-1)

_____

Submitted: August 31, 2023                          Decided: February 2, 2024

_____

Before NIEMEYER and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Kingman pleaded guilty to possessing child pornography and the district court sentenced him to a 60-month term of imprisonment to be followed by a lifetime of supervised release. Kingman appeals that sentence, making several arguments. Having considered those arguments, we accept only Kingman's challenge to a special condition of supervision which, in relevant part, prohibits him from viewing materials that depict nudity or sexual activity.

After the parties submitted briefing was in this case, the Court issued a published decision in *United States v. Cohen*, holding an identical condition had "breathtaking reach" and vacating it as impermissibly overbroad. 63 F.4th 250, 256–57 (4th Cir. 2023).[*] Because the condition challenged in that case mirrors the condition challenged in this one and (like there) neither the characteristics of the defendant nor the nature of his offense justify such a sweeping restriction, we conclude the district court erred. And because that error affects Kingman's substantial rights and because leaving it uncorrected would cast doubt on the fairness and integrity of judicial proceedings, we also conclude that warrants relief under the plain-error standard. See *United States v. Ravenell*, 66 F.4th 472, 485 (4th Cir. 2023) (outlining plain-error standard to be applied to unpreserved claims).

Accordingly, we vacate the relevant portion of the condition and remand for entry of a modified judgment striking the offending language. See *Cohen*, 63 F.4th at 256–57

---

[*] Kingman also moved to place this case in abeyance pending this Court's decision in *Cohen*. Because that opinion has now issued, we deny that motion as moot.

(vacating because, in such circumstances, the condition imposed a "greater deprivation of liberty than reasonably necessary"). We affirm the district court's judgment in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*