**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4696**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSE DAVID NAVARRO-CERVELLON,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:19-cr-00603-PX-2)

Argued:  December 8, 2023                    Decided:  February 26, 2024

Before NIEMEYER, GREGORY, and HEYTENS, Circuit Judges.

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, in which Judge Niemeyer and Judge Gregory joined.

**ARGUED:** Brent Evan Newton, Gaithersburg, Maryland, for Appellant. Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Nicole M. Argentieri, Acting Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Erek L. Barron, United States Attorney, Baltimore, Maryland, William D. Moomau, Assistant United States Attorney, Leah B. Grossi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

A jury convicted Jose David Navarro-Cervellon of three offenses stemming from the murder of Ramiro Moya. The district court sentenced him to concurrent terms of life imprisonment and an additional 10-year term to be served consecutively. Navarro raises several challenges to his convictions and sentence. Seeing no reversible error, we affirm.

I.

Navarro was charged with three crimes: conspiracy to commit murder for hire with death resulting, in violation of 18 U.S.C. § 1958(a) (Count 1); murder for hire with death resulting, also in violation of 18 U.S.C. § 1958(a) (Count 2); and using a firearm in connection with a crime of violence with death resulting, in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(j) (Count 3). The indictment alleged the substantive murder for hire charged in Count 2 as the predicate crime of violence for Count 3. A jury found Navarro guilty on all three counts.

Before sentencing, Navarro moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 and for a new trial under Rule 33. At the sentencing hearing, the district court orally denied Navarro's motions. The court then imposed the mandatory minimum sentences of life imprisonment on Counts 1 and 2 and 10 years of imprisonment on Count 3 and ordered that the 10-year sentence on Count 3 run consecutively to the concurrent life sentences on Counts 1 and 2. The district court also imposed various conditions of supervised release.

II.

Navarro makes four arguments on appeal. We conclude each fails.

3

A.

We begin with Navarro's assertion that his substantive murder for hire conviction was not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3) and thus could not serve as a predicate for his firearm conviction.

Navarro's argument faces a steep climb. For one thing—as Navarro concedes—this claim is forfeited because it was never raised in the district court. See *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (holding that a general motion for a judgment of acquittal does not preserve a "purely legal challenge" that a charged predicate is not a "crime of violence"). To prevail, Navarro thus must do more than show the district court erred in concluding that his 18 U.S.C. § 1958(a) conviction was a qualifying "crime of violence." He also must demonstrate "that the alleged legal error is clear or obvious, rather than subject to reasonable dispute." *United States v. Ravenell*, 66 F.4th 472, 492 (4th Cir. 2023) (quotation marks removed).

Navarro fails to clear that hurdle. This Court has never said a violation of 18 U.S.C. § 1958(a) is not a crime of violence. To the contrary, we have held that a conspiracy to violate that statute *is* a crime of violence when death results. See *United States v. Runyon*, 994 F.3d 192, 201–04 (4th Cir. 2021). Given *Runyon*, it is neither clear nor obvious that the substantive offense would not also qualify as a crime of violence when death results. And there is no doubt death resulted here because the jury specifically found the conduct charged in Count 2 "resulted in the death of Ramiro Moya." JA 947.[*]

---

[*] At oral argument, Navarro suggested this case is distinguishable from *Runyon* because that defendant was convicted of conspiring to violate Section 1958(a) while he

Navarro responds that *Runyon* has been abrogated by *United States v. Taylor*, 596 U.S. 845 (2022), which issued after his sentencing. But *Taylor* involved a different crime (attempted robbery) and a different statute (18 U.S.C. § 1951(a)), and it *affirmed* a decision of this Court holding such offenses were not crimes of violence. See *United States v. Taylor*, 979 F.3d 203, 205 (4th Cir. 2020), aff'd, 596 U.S. at 848–52. All that makes for an unpromising start to an argument that it is clear or obvious that *Runyon* is a dead letter after *Taylor*. See, *e.g.*, *Carrera v. E.M.D. Sales, Inc.*, 75 F.4th 345, 352 (4th Cir. 2023) ("We do not lightly presume that the law of this circuit has been overturned[.]").

But Navarro presses on, insisting *Runyon*'s explanation for why Section 1958(a) violations are crimes of violence cannot be squared with *Taylor*'s approach to such matters. Of course, even fatally undermining *Runyon*'s reasoning would not—by itself—establish that *Runyon*'s bottom-line result was clearly or obviously wrong. But Navarro does not attack all of *Runyon*'s reasoning. Instead, he argues that two sentences in a seven-paragraph explanation employed a form of analysis "explicitly rejected" in *Taylor*, and urges that, absent such analysis, the result in *Runyon* would have been different. Navarro Br. 20–21 (identifying language from *Runyon*).

Even when unconstrained by the limited scope of review brought on by forfeiture, this Court has cast doubt on arguments of that type. Indeed, "[w]e have expressly held that when a Supreme Court decision abrogates one portion of our rationale in a prior case but

---

was convicted of the substantive offense. See Oral Arg. 12:34–13:12. That argument is not merely forfeited: It is waived. See Navarro Br. 20 n.20 (acknowledging that *Runyon* involved a conspiracy offense but stating that *Runyon*'s "reasoning equally applied to a 'substantive' violation of § 1958(a)").

not another, the rationale not abrogated by the Supreme Court nonetheless binds future panels of this court." *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019). Nothing in the Supreme Court's decision in *Taylor* "directly contradict[s] our prior holding" in *Runyon* (*id.*) or makes clear that no "portion" of *Runyon*'s "logic" or reasoning remains "intact," *United States v. Obey*, 790 F.3d 545, 550 (4th Cir. 2015). To the contrary, much of this Court's reasoning in *Runyon* turned on the relationship between the required result of the offense (a "death") and the specific intent requirement ("that a murder be committed for money")—reasoning that is in no way undermined by *Taylor*. See *Runyon*, 994 F.3d at 204.

To be clear: We need not—and thus do not—decide whether *Runyon*'s holding about Section 1958(a) remains correct or binding post-*Taylor*. We hold only that Navarro has failed to meet his burden of showing that the district court committed clear or obvious error in following *Runyon* here.

## B.

We turn next to Navarro's challenge to the district court's denial of his new trial motion. Navarro does not contend the court could not have denied that motion under the correct legal standard—a decision that would be reviewed only for an abuse of discretion. See *United States v. Miller*, 41 F.4th 302, 315 (4th Cir. 2022). Instead, Navarro argues the district court made a legal error by applying the wrong standard.

We disagree. To be sure, the court's oral explanation of its ruling made significant use of shorthand and could have been more thoroughly explained. But we see no persuasive evidence the court misunderstood the relevant legal standards or applied the wrong one in denying Navarro's new trial motion. See *Frazier v. Prince George's Cnty.*, 86 F.4th 537,

6

544 (4th Cir. 2023) (noting that, absent circumstances not present here, "a district court's lack of explanation doesn't amount to error, even if it makes our job harder").

Two threshold considerations frame our inquiry. *First*, as Navarro concedes, Rule 33 does not require a district court to explain its reasons for denying a motion for a new trial. Compare *United States v. Ali*, 991 F.3d 561, 570 (4th Cir. 2021) (noting that a "district court does not need to expound upon its reasoning in its denial of a new trial motion"), with 18 U.S.C. § 3553(c) (directing a sentencing court to state "the reasons for its imposition of the particular sentence"); and Fed. R. Crim. P. 12(d) (requiring courts to make express findings of fact when ruling on pretrial suppression motions). *Second*, "[e]ven when the transcript does not explicitly show as much, trial judges are presumed to know the law and to apply it in making their decisions." *Ali*, 991 F.3d at 570 (alterations and quotation marks removed). For that reason, the question is not whether the district court provided enough explanation for denying Navarro's Rule 33 motion or whether some of the court's language can be read in the way he suggests. Instead, it is whether the district court's oral explanation for its decision is enough to rebut the presumption that the court knew and was applying the correct legal standard.

As always, the context for the district court's ruling is critical. Like many federal criminal defendants, Navarro filed two post-trial motions in one document: He asked for both a judgment of acquittal under Federal Rule of Criminal Procedure 29 and a new trial under Rule 33. That filing was entered on the district court's electronic docket as entry 198 and labeled "Motion for New Trial."

Despite being brought in a single filing, however, all agree that Navarro brought

7

two alternative motions governed by distinct legal standards. A court deciding a Rule 29 motion may neither weigh the evidence nor assess witness credibility. See, *e.g.*, *United States v. Gallagher*, 90 F.4th 182, 190 (4th Cir. 2024). Instead, the court asks whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020).

In contrast, district courts enjoy "much broader" authority when deciding whether to grant a new trial based on the weight of the evidence. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). When reviewing such a motion, the court acts "as a thirteenth juror" by "conduct[ing] its own assessment of the evidence, unconstrained by any requirement to construe the evidence in the government's favor." *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023) (quotation marks removed). The central question in the Rule 33 context is whether "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *Arrington*, 757 F.2d at 1485.

The parties' disagreement is narrow. They agree about the relevant legal standards. They agree the district court denied both motions. And they agree the district court applied the correct legal standard in denying Navarro's Rule 29 motion. The only dispute is whether Navarro can show the district court applied the wrong legal standard when orally denying the Rule 33 motion.

On that question, we conclude the answer is no. After confirming Navarro had received and reviewed the presentence report, the district court said it was "mov[ing] to the motion for new trial at ECF 198" (JA 978) which—again—is how Navarro's single consolidated filing was labeled on the court's docket (JA 30). The court explained it had

8

"left" that motion "open just to make sure that there wasn't anything else that either side wished to bring to [its] attention," and noted that it had not "received any other supplemental information." JA 978. The court then said it was "going to deny that motion," and gave the following brief explanation:

> As counsel well knows, that a jury's verdict is to be upheld if there is substantial evidence viewed in the light most favorable to the government to support it. Another way of saying it is I can only set aside the jury verdict if I find that no reasonable juror could come to the conclusion -- to come to a finding of guilt.
>
> And as to the three counts to which Mr. Navarro was convicted, I presided over the entire trial, listened to the witnesses, heard the evidence, and there is simply no basis to grant the new trial motion. Obviously, it preserves your issues for appeal, but I'm going to deny ECF 198.

JA 978–79.

All agree the first paragraph of that explanation closely tracks the Rule 29 standard. See *Rafiekian*, 68 F.4th at 186. The dispute involves the second paragraph.

Admittedly, that paragraph does not recite the Rule 33 standard. Still, what the court did say ("I presided over the entire trial, listened to the witnesses, heard the evidence") sounds a lot like a district court that appreciated the shift from Rule 29's objective standard to Rule 33's subjective one. See *Rafiekian*, 68 F.4th at 186. There would be no obvious reason for the district court to have discussed its personal impressions of the evidence under the Rule 29 standard, which focuses on what a reasonable juror could have found. On its face, that statement seems far more relevant to the court's role as the "thirteenth juror" under Rule 33.

The district court's final statement also undercuts Navarro's claim that the court

9

mistakenly applied the same legal standard in denying his two motions. The court noted that its ruling "preserves your *issues*"—plural—"for appeal." JA 979 (emphasis added). That too suggests the court recognized that the single filing it referenced at both the beginning and the end of its discussion ("ECF 198") raised multiple issues, not just one. We would not place much significance on the word "issues" standing alone, and it would not be enough to rebut otherwise-compelling evidence that the district court applied the wrong standard. But considering the other signals we have, we take this as another cue that the district court correctly analyzed the issue.

Navarro's contrary argument relies on *United States v. Mallory*, 902 F.3d 584 (6th Cir. 2018). There, the Sixth Circuit reversed the denial of a criminal defendant's new trial motion because the trial court's written order—"[w]hen read as a whole"—"demonstrate[d] that it asked the wrong question" when denying the Rule 33 motion. *Id.* at 597. In fact, the Sixth Circuit concluded the district court in that case did exactly what Navarro accuses the district court of doing here: applying the Rule 29 sufficiency-of-the-evidence standard when considering a Rule 33 motion. See *id.* at 596–97.

Navarro overlooks a critical distinction between this situation and *Mallory* and thus overstates the similarity between the two. Unlike Navarro, Mallory sought relief *only* under Rule 33, meaning any reference to Rule 29's more rigorous standard for granting a motion for a judgment of acquittal was out of place and cause for concern. See *United States v. Pioch*, No. 3:14-cr-00403-JGC, 2017 WL 1376410, at *1 (N.D. Ohio Apr. 17, 2017) ("Pending are each defendant's Fed. R. Crim. P. 33 motion for a new trial."), rev'd in relevant part, 902 F.3d at 597. Yet the district court's written order "repeatedly

10

characterized its task as evaluating the sufficiency of the evidence" (the Rule 29 standard) "rather than weighing the evidence for itself" (the Rule 33 standard). *Mallory*, 902 F.3d at 596.

Here, by contrast, the district court confronted *both* a Rule 29 and a Rule 33 motion. For that reason, there was nothing problematic about the court's reference to the Rule 29 standard. And, as we have already explained, we conclude that—"read as a whole," *Mallory*, 902 F.3d at 597—the record here fails to overcome the presumption that the district court knew and applied the correct legal standard to each of Navarro's motions.

C.

Navarro next argues he is entitled to resentencing because the district court mistakenly believed it had to order his 10-year sentence on Count 3 be served consecutively to the two life sentences he received on Counts 1 and 2. This Court's recent decision in *United States v. Huskey*, 90 F.4th 651 (4th Cir. 2024), resolves that issue. In *Huskey*, as here, a defendant was sentenced to two concurrent life sentences to be followed by a consecutive 10-year sentence for "using and carrying a firearm in connection with a crime of violence that resulted in [ ] death." *Id.* at 676. In *Huskey*, as here, the defendant failed to object to the district court's conclusion that it had to make the 10-year sentence consecutive but argued that such a conclusion was reversible plain error after the Supreme Court's intervening decision in *Lora v. United States*, 599 U.S. 453 (2023). See *Huskey*, 90 F.4th at 676. And here—as in *Huskey*—we hold Navarro is not entitled to relief under the plain-error standard because he offers no "non-speculative explanation about how a consecutive sentence tacked onto a life sentence will affect [his] substantial rights." *Id.*

11

D.

Finally, we address Navarro's assertion that the district court violated the rule of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), by imposing discretionary conditions of supervised release that were never announced in his presence. We disagree—the district court committed no *Rogers* error.

*Rogers* holds that a district court may not impose discretionary conditions of supervised release in a written judgment if the court did not announce those conditions during the sentencing hearing. See 961 F.3d at 297–99. This rule, this Court has explained, stems from a criminal defendant's "right to be present when he is sentenced" and the principle that "if a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls." *Id.* at 296. So, much like Navarro's challenge to the district court's ruling on his motion for a new trial, resolving the alleged *Rogers* error requires a close reading of the relevant transcript. See *id.* (reviewing court determines whether a *Rogers* error occurred by "comparing the sentencing transcript with the written judgment").

During the sentencing hearing, the district court announced it was imposing "a special condition of drug and alcohol evaluation and treatment, as deemed appropriate by probation." JA 993–94. In its written judgment, the district court stated Navarro "must participate in" drug and alcohol treatment and in "substance abuse testing" and that his probation officer would "supervise [his] participation in the program." JA 1004. According to Navarro, these two conditions are "materially different" because the court's oral pronouncement—but not its written judgment—gave the probation officer discretion to

12

decide "*whether* [Navarro] should participate in the programs or testing" in the first place. Navarro Br. 23–24.

No question, a material discrepancy between a discretionary condition as orally pronounced and later detailed in the written judgment is a *Rogers* error. See *United States v. Cisson*, 33 F.4th 185, 194 n.6 (4th Cir. 2022). But *Rogers* itself noted that "where the precise contours of an oral sentence are ambiguous, we may look to the written judgment to clarify the district court's intent." 961 F.3d at 299.

That is the situation we have here. As the government correctly points out, the district court's statement at the sentencing hearing is susceptible to two meanings—either the probation officer had authority to decide *whether* Navarro would participate in drug and alcohol treatment or they had discretion to decide *which* program he was to complete. Because both readings are reasonable, we conclude the oral pronouncement was ambiguous. The court's written judgment, however, closed the door on one of those possibilities and adopted the other. So, under *Rogers* itself, there was no error. See 961 F.3d at 299; accord *United States v. Love*, 593 F.3d 1, 9 (D.C. Cir. 2010) (noting the "vast majority of" the courts of appeals hold that "district court[s] may use the written judgment to clarify an ambiguous oral pronouncement of the sentence"). We therefore reject Navarro's challenge to his conditions of supervised release.

\*      \*      \*

The district court's judgment is

*AFFIRMED*.

13