**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4712**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRODUS BERNARD GREGG,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge.  (4:21-cr-00389-SAL-8)

_____

Submitted:  June 21, 2024                                      Decided:  August 29, 2024

_____

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brodus Bernard Gregg was convicted after a jury trial of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and the district court sentenced him to 144 months' imprisonment and 4 years of supervised release.  On appeal, Gregg's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as an issue for review whether the district court plainly erred under *Ruan v. United States*, 597 U.S. 450 (2022), in failing to instruct the jury that the Government had to prove Gregg knew the type and weight of the controlled substance that was the object of the conspiracy.  Gregg was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government declined to file a brief.  We affirm.

Because Gregg did not make this argument grounded in *Ruan* in the district court, our review is for plain error.  *United States v. Ravenell*, 66 F.4th 472, 485 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1344 (2024).  To prevail under this standard, Gregg "must show that the court's jury instructions included an error that was clear and obvious, and that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings."  *Id.* (internal quotation marks omitted).  An error is plain when, "at the time of appellate consideration," the "settled law of the Supreme Court or this circuit establishes that an error has occurred."  *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks omitted).

2

We conclude that Gregg has failed to show clear or obvious error under *Ruan*. Under 21 U.S.C. § 841(a)(1), it is unlawful, "[e]xcept as authorized," for any person to "knowingly or intentionally . . . distribute, or dispense, or possess with intent to . . . distribute, or dispense, a controlled substance." In *Ruan*, the Supreme Court held that § 841's "knowingly or intentionally" mens rea applies to the "[e]xcept as authorized" clause of the statute. 597 U.S. at 454, 468. Thus, when a defendant produces evidence that he could dispense controlled substances, "the Government must prove beyond a reasonable doubt that the defendant knew that he . . . was acting in an unauthorized manner, or intended to do so." *Id.* at 454. Gregg, however, was not convicted of violating § 841 based on evidence he could distribute or possess with intent to distribute controlled substances but did so in an unauthorized manner.

Counsel also suggests that the interplay between 21 U.S.C. § 846 and the penalty provision of 21 U.S.C. § 841(a) at 21 U.S.C. § 841(b) supports his argument that the mens rea requirement of § 841(a)(1) applies to all objects of the conspiracy, such as the type and weight of the drugs at issue. This, however, is not the law of this circuit, *see United States v. Briscoe*, 101 F.4th 282, 299-301 (4th Cir. 2024), and *Ruan* does not change that. Gregg, we conclude, fails to show that the settled law establishes the district court erred in failing to instruct the jury as he suggests it should have.

In accordance with *Anders*, we have also reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Gregg, in writing, of the right to petition the Supreme Court of the United States for further review. If Gregg requests that a petition be

3

filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gregg.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*