**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4498**

───────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

CHUKWUDI MICHAEL OKWARA, a/k/a Collins Bird, a/k/a Larry Eugene Coleman,

> Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00334-RJC-DSC-1)

───────────

Submitted:  January 24, 2025                              Decided:  March 4, 2025

───────────

Before KING, HARRIS, and HEYTENS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chukwudi Michael Okwara was convicted after a jury trial of concealment money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(B)(i) (counts 1 through 17), money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1957 (counts 18 through 22), making false statements to financial institutions, in violation of 18 U.S.C. § 1014 (counts 23 through 25), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (b) (counts 26 and 27). The district court sentenced Okwara to 160 months' imprisonment. On appeal, Okwara argues that the district court erred in denying his motion for a judgment of acquittal and in reopening the evidence after the jury had begun deliberating. Okwara also challenges the district court's calculation of his advisory imprisonment range and sentences under the Sentencing Guidelines, arguing that the court erroneously applied the loss Guideline corresponding with a total loss exceeding $1,500,000, *see* U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(I) (2018), when the actual loss was $261,020. We affirm.

In the challenge to the district court's denial of his motion for a judgment of acquittal, Okwara argues that, as to the money laundering convictions, the evidence is insufficient to show that the funds at issue involved the proceeds of or were derived from the specified criminal activity of wire fraud because the Government did not prove that those who engaged in the scheme or artifice to defraud acted with specific intent to defraud. He argues, as to the false statement and aggravated identity theft convictions, that the evidence is insufficient to show the identity of the person who engaged in the transactions

2

at issue. He also argues, as to the false statement conviction at count 25, that the evidence is insufficient to show the presence of a scheme and artifice to defraud.

Rule 29 of the Federal Rules of Criminal Procedure requires a district court, on the defendant's motion, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We ordinarily review the district court's denial of a Rule 29 motion de novo. *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022). In conducting this review, "we view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict." *Id.* (cleaned up). "Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted). A defendant "bear[s] a heavy burden" under this standard. *Smith*, 54 F.4th at 766 (internal quotation marks omitted). "A conviction will be reversed for insufficient evidence only in the rare case when the prosecution's failure is clear." *United States v. Gutierrez*, 963 F.3d 320, 337 (4th Cir. 2020) (internal quotation marks omitted).

Okwara's arguments challenging the sufficiency of the evidence undergirding his money laundering convictions and his conviction on count 25 based on insufficient evidence of a scheme and artifice to defraud are raised for the first time on appeal. We review these arguments for plain error only. *See United States v. Duroseau*, 26 F.4th

674, 678 & n.2 (4th Cir. 2022). "To prevail under the plain error standard, [Okwara] must show that the district court erred, that the error was plain, and that the error affected his substantial rights." *United States v. Odum*, 65 F.4th 714, 721 (4th Cir. 2023). Even if Okwara makes this showing, "we will correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Section 1956(a)(1) of Title 18 of the United States Code makes "several forms of money laundering," including "concealment money laundering," illegal. *United States v. Farrell*, 921 F.3d 116, 137 (4th Cir. 2019). Concealment money laundering violating 18 U.S.C. § 1956(a)(1)(B)(i)—the basis for Okwara's convictions on counts 1 through 17—requires, *inter alia*, proof that he "conducted or attempted to conduct a financial transaction" involving "the proceeds of specified unlawful activity" and that he knew the transaction "was designed in whole or part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the unlawful activity." *Id.* Section § 1957(a)—the basis for Okwara's convictions on counts 18 through 22—prohibits "knowingly engag[ing] or attempt[ing] to engage in a monetary transaction in criminally derived property of a value greater than $10,000" with funds that are "derived from specified unlawful activity." *United States v. Ravenell*, 66 F.4th 472, 485 (4th Cir. 2023). Wire fraud is a "specified unlawful activity" under these statutes, *see* 18 U.S.C. § 1956(c)(7)(A); *United States v. Simmons*, 737 F.3d 319, 322 (4th Cir. 2012), and was the specified unlawful activity undergirding the charges on counts 1 through 22. Accordingly, to convict Okwara on these counts, the Government had to prove a specific intent to

4

defraud, *i.e.,* "the specific intent to deprive one of something of value through a misrepresentation or other similar dishonest method, which indeed would cause him harm." *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012).

Regarding the false statement convictions, a defendant is guilty of violating 18 U.S.C. § 1014 if he "make[s] . . . a false statement to a financial institution for the purpose of influencing in any way the action of the institution." *Elliott v. United States*, 332 F.3d 753, 764 (4th Cir. 2003) (internal quotation marks omitted); *see* 18 U.S.C. § 1014. To establish aggravated identity theft violating 18 U.S.C. § 1028A(a)(1), the Government must prove that a defendant "(1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014) (internal quotation marks omitted); *see* 18 U.S.C. § 1028A(c)(4) (making false statement to financial institution is predicate felony offense for aggravated identity theft).

We conclude after review of the record that the district court did not err or plainly err in declining to grant Okwara a judgment of acquittal. Counts 1 through 17 alleged that Okwara conducted financial transactions involving the proceeds of wire fraud, and counts 18 through 22 alleged he engaged in monetary transactions derived from wire fraud by withdrawing and wiring various sums out of five bank accounts. Considering the totality of the circumstances in the evidence adduced, *see United States v. Godwin*, 272 F.3d 659, 666 (4th Cir. 2001), we conclude that there was sufficient evidence from which the jury reasonably could conclude that those who caused the victims to wire funds to the five bank accounts opened by Okwara and over which he had control acted with the specific intent

to defraud. Sufficient evidence also supports the jury's determination that Okwara was the false statement and aggravated identity theft perpetrator at issue in counts 23 through 27. Regarding count 25, a scheme and artifice to defraud is not an express statutory requirement for conviction under § 1014, and the Government thus did not need to prove the presence of such a scheme to convict on this count. Okwara's appellate arguments fail to meet his burden to show a "clear prosecutorial failure," *Gutierrez*, 963 F.3d at 337, and we therefore reject them.

Turning to Okwara's evidentiary challenge, "we review a district court's evidentiary rulings for abuse of discretion and a court abuses its discretion when it is either guided by erroneous legal principles or it made its decision based upon a clearly erroneous factual finding." *United States v. Elsheikh*, 103 F.4th 1006, 1013 (4th Cir. 2024) (internal quotation marks omitted). In the event of an error, however, "we will not reverse if that error was harmless, which we determine by applying the standard for . . . non-constitutional error." *Id.* A nonconstitutional error is harmless where it "did not have a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Ibisevic*, 675 F.3d 342, 349 (4th Cir. 2012) (internal quotation marks omitted). In making this assessment, we inquire "whether we believe it highly probable that the error did not affect the judgment." *Id.* at 350 (internal quotation marks omitted). To affirm, "we must be able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted). "We have identified three decisive factors in making this determination: (1) the centrality of the issue

6

affected by the error; (2) the steps taken to mitigate the effects of the error; and (3) the closeness of the case." *Id.* (internal quotation marks omitted).

Prior to the close of the Government's case and without objection, Okwara stood and faced the jury. After commencing its deliberations, the jury requested another opportunity to see Okwara. The district court granted that request and directed him to again stand and face the jury. Okwara argues on appeal that the district court abused its discretion in permitting this re-viewing. He notes that the district court relied on Fed. R. Evid. 611(a) (providing that court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . make those procedures effective for determining the truth; . . . avoid wasting time; and . . . protect witnesses from harassment or undue embarrassment") as authority for its action; claims that this rule does not apply because the time for examination of witnesses and presentation of evidence had passed; and argues that the district court did not have the authority to reopen the evidence after the jury had begun deliberating.

We conclude that we need not decide whether the district court's action was error. Assuming without deciding that it was, any purported error qualifies as harmless. Although the issue of Okwara's identity as the perpetrator was central in this case, the district court took steps to mitigate the effects of any error, keeping Okwara standing at the defense table and declining to grant the jury's requests to view him in profile and on their video screens. Further, the evidence adduced relative to Okwara's identity as the perpetrator was overwhelming. Having considered these three decisive factors bearing on whether the

7

judgment was substantially swayed by any purported error here, *Ibisevic*, 675 F.3d at 350, we conclude it is highly probable that the re-viewing did not affect the judgment.

Finally, Okwara challenges the district court's inclusion of intended loss in its calculation of his advisory imprisonment range and sentences under the Guidelines. Okwara did not raise this challenge in the district court, and we thus review it for plain error. *United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023). An error qualifies as plain only when it is "clear or, equivalently, obvious under current law." *United States v. Hope*, 28 F.4th 487, 507 (4th Cir. 2022) (cleaned up).

The district court calculated Okwara's base offense level for counts 1 through 22 at 24 after adding to level 8 a 16-level enhancement for a loss exceeding $1.5 million, a figure calculated based on the amount of funds intended to be laundered for which he bore responsibility, *see* USSG §§ 2S1.1(a)(2), 2B1.1(b)(1)(I) & cmt. n.3(A). We discern no plain error in that calculation. The scheme to defraud the victims to which Okwara gave his assistance resulted in the fraudulent diversion from the victims of over $2 million to bank accounts Okwara controlled. Although Okwara did not withdraw or transfer out of the bank accounts all the funds fraudulently diverted into them, he bore responsibility for the scheme as relevant conduct. We reject Okwara's reliance on the Third Circuit's determinations in *United States v. Banks*, 55 F.4th 246, 257-58 (3d Cir. 2022), that, following *Kisor v. Wilkie*, 588 U.S. 558 (2019), the ordinary meaning of "loss" under USSG § 2B1.1(b)(1) means "actual loss" and does not include "intended loss" as permitted by the commentary to this Guideline. In this Circuit, a district court may rely on the

defendant's full intended loss amount to calculate his Guidelines sentence and range pursuant to USSG § 2B1.1. *United States v. Boler*, 115 F.4th 316, 328-29 (4th Cir. 2024).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*