**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4429**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KAODICHIMMA OKECHUKWU ANYANWU,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00028-WO-2)

───────────────

Submitted:  October 24, 2025           Decided:  December 18, 2025

───────────────

Before AGEE and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Lindsey A. Freeman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Kaodichimma Anyanwu of a money-laundering conspiracy, in violation of 18 U.S.C. § 1956(h).  More specifically, Anyanwu was convicted of conspiracy to commit two distinct offenses:  concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and transactional money laundering, in violation of 18 U.S.C. § 1957.  The district court sentenced Anyanwu to 33 months' imprisonment followed by three years of supervised release.  Anyanwu appeals, challenging the sufficiency of the evidence supporting his conviction for conspiracy to commit transactional money laundering, the district court's exclusion of Anyanwu's proffered evidence, the court's jury instruction on willful blindness, and the court's calculation of the Sentencing Guidelines range.  For the following reasons, we affirm.

Anyanwu first argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal.  We "review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018).  In assessing the sufficiency of the evidence, we determine whether there is substantial evidence, viewed in the light most favorable to the government, to support the conviction.  *Id*.  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (citations modified).  In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219.  "A defendant who brings a sufficiency challenge bears a heavy

burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id*. (citation modified).

To obtain a conviction for money laundering conspiracy under 18 U.S.C. § 1956(h), the government must prove:  (1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C § 1956(a) or § 1957; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) that the defendant knowingly and voluntarily became part of the conspiracy. *United States v. Green*, 599 F.3d 360, 371 (4th Cir. 2010).  "[L]iability under § 1956(h) can be established by showing a conspiracy to commit *either* object crime," i.e., concealment money laundering under § 1956(a) or transactional money laundering under § 1957.  *United States v. Miller*, 41 F.4th 302, 314 (4th Cir. 2022).

Anyanwu argues that there was insufficient evidence of his intent to commit object two of the charged conspiracy, transactional money laundering.  However, as in *Miller*, Anyanwu only challenges the sufficiency of the evidence for the conspiracy to commit transactional money laundering.  The jury found Anyanwu guilty of conspiracy to commit transactional money laundering and concealment money laundering, either of which was an adequate basis to support his conviction.  Thus, even if the evidence was insufficient to prove transactional money laundering, the conviction may be sustained based on the jury's finding of concealment money laundering.

As to Anyanwu's evidentiary claims, "we review a district court's evidentiary rulings for abuse of discretion.  A court abuses its discretion when it is either guided by

3

erroneous legal principles or it made its decision based upon a clearly erroneous factual finding." *United States v. Elsheikh*, 103 F.4th 1006, 1013 (4th Cir. 2024) (citation modified).

Unless prohibited, relevant evidence is admissible at trial. Fed. R. Evid. 402. "[E]vidence is relevant if it is sufficiently related to the charged offense." *United States v. Cowden*, 882 F.3d 464, 472 (4th Cir. 2018). "[R]elevance typically presents a low barrier to admissibility. Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) (citation modified).

On appeal, Anyanwu challenges the district court's exclusion of his proffered evidence regarding census data for New York and a government press release discussing a data breach at Yahoo. Anyanwu asserts that this evidence was relevant because it would have undermined the Government's showing that he was located near certain ATMs when laundered funds were withdrawn and was linked to several email accounts used during the scheme. The district court disagreed, and we see no abuse of discretion in its rulings. As the district court explained, the general census data proffered by Anyanwu had no bearing on the government's use of specific cell site data to establish that certain cellular devices were in the vicinity of the ATMs in question. And the data breach information was likewise irrelevant because there was no evidence that it affected or could affect the email accounts at issue.

Anyanwu next argues that the district court erred by instructing the jury on willful blindness. We review a district court's decision to give such an instruction for abuse of

4

discretion. *United States v. Ravenell*, 66 F.4th 472, 480 (4th Cir. 2023). As discussed above, to convict Anyanwu of conspiracy to commit money laundering, the government was required to prove that Anyanwu "knew that the money laundering proceeds had been derived from an illegal activity" and that he "knowingly and voluntarily became part of the conspiracy." *Id.* at 490. The knowledge requirement can be satisfied by evidence of actual knowledge or by proving the defendant consciously avoided learning where the money came from. *Id.* at 490. A willful blindness instruction is appropriate "[w]here trial evidence supports both actual knowledge on the part of the defendant and deliberate ignorance" or "when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance." *Id*. (citation modified).

Anyanwu argues that the court erred in giving the willful blindness instruction because there was no evidence that he "took deliberate actions to avoid learning the specifics of the money-laundering scheme." *Id.* at 491. The record, however, shows that evidence at trial supported both actual knowledge by Anyanwu and deliberate ignorance. Therefore, the district court did not abuse its discretion in instructing the jury on willful blindness.

With respect to his sentence, Anyanwu challenges the district court's application of a six-level sentencing enhancement for the loss amount, as well as the application of a two-level enhancement for engaging in a sophisticated money laundering scheme. We review a district court's sentencing decision "under a deferential abuse-of-discretion standard." *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual

findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).

Anyanwu argues that the court erred in calculating the loss amount as the intended loss rather than the actual loss amount. Under the version of the Guidelines in effect when Anyanwu was sentenced, the Guidelines did not define loss. *See* U.S. Sentencing Guidelines Manual § 2B1.1(b) (2021). The commentary to the Guidelines, however, provided that loss is the greater of actual or intended loss, and defined intended loss as the pecuniary harm the defendant sought to inflict, including any pecuniary harm that was unlikely or impossible to occur. USSG § 2B1.1 cmt. n.3(A) (2021). In *United States v. Boler*, 115 F.4th 316, 238 (4th Cir. 2024), we determined that "loss" in the Guidelines is ambiguous and thus courts may defer to the commentary when calculating a loss amount under the Guidelines. Therefore, the district court did not err when it used the intended loss, rather than the actual loss amount, in calculating Anyanwu's Guidelines range.

Finally, Anyanwu argues that the court erred in applying an enhancement for use of sophisticated means in the money laundering scheme. "Whether a defendant's conduct involved sophisticated means is a factual inquiry that we review for clear error." *United States v. Sanders*, 146 F.4th 372, 379 (4th Cir. 2025). Because the sophisticated means enhancement is ambiguous, courts can consult the commentary to determine the meaning. *Id.* at 380. In the commentary, sophisticated means are defined as "complex or intricate offense conduct" pertaining to money laundering, that "typically involves the use of fictitious entities, shell corporations, two or more levels . . . of transactions, . . . or offshore accounts." USSG § 2S1.1 cmt. n.5. This enhancement "can only be applied when there is

6

proof of complexity beyond the minimum conduct required to establish [the offense] in its simplest form." *Sanders*, 146 F.4th at 381 (citation modified). "However, a defendant need not use the most complex means possible to conceal his fraudulent activities in order for the court to find that he used sophisticated means." *Id.* (citation modified). We have reviewed the record and conclude that the district court did not clearly err in applying the sophisticated means enhancement.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*