**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4368

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON HAYWARD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Robert S. Ballou, District Judge.  (7:24-cr-00001-RSB-1)

Submitted:  December 10, 2025                    Decided:  January 9, 2026

Before NIEMEYER, KING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Zachary T. Lee, Acting United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Hayward appeals his conviction following a jury trial for two counts of knowingly transmitting in interstate commerce a threat to injure the person of another, in violation of 18 U.S.C. § 875(c), in connection with threatening phone calls he made to employees of his credit union. On appeal, Hayward argues that the district court erred in excluding his testimony regarding his mental illness and in declining to give his requested jury instruction on unconscious bias. We affirm.

Hayward first argues that the district court erred in preventing him from testifying about his mental health, contending that his proffered testimony—that he could not fully recall making the threatening statements because he was severely mentally ill at the time— was relevant to both his mens rea and his credibility. The Government argued before the district court that because Hayward did not pursue an insanity defense, his testimony regarding his mental health was inadmissible under the Insanity Defense Reform Act of 1984 ("IDRA"), *see* 18 U.S.C. § 17(a), and that, even if relevant, his testimony should be excluded under Federal Rule of Evidence 403 because any probative value would be outweighed by the danger of unfair prejudice. The district court granted the Government's motion in limine and issued an order excluding any testimony, evidence, or argument regarding Hayward's mental health history, treatment, or diagnoses.

We review a district court's evidentiary rulings for an abuse of discretion and "will overturn an evidentiary ruling only if it is arbitrary and irrational." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021). Further, when a district court excludes evidence under Rule 403, we will not overturn the court's decision "except under the most extraordinary

2

of circumstances," where the district court has "plainly abused" its discretion. *United States v. Hart*, 91 F.4th 732, 743 (4th Cir. 2024) (citation modified).

Under the IDRA, evidence of a defendant's mental impairment may only be admitted when a defendant (1) raises an insanity defense or (2) is attempting to negate the mens rea of a specific intent crime. *United States v. Worrell*, 313 F.3d 867, 872-75 (4th Cir. 2002). The "IDRA expressly prohibits the use of any '[m]ental disease or defect' as a defense unless it demonstrates that the defendant 'was unable to appreciate the nature and quality or the wrongfulness of his acts." *Id.* at 872 (quoting 18 U.S.C. §17(a)). It "leaves no room for a defense that raises any form of legal excuse based upon one's lack of volitional control including a diminished ability or failure to reflect adequately upon the consequences or nature of one's actions." *Id.* (citation modified). However, the IDRA "does not prohibit psychiatric evidence of a mental condition short of insanity when such evidence is offered purely to rebut the government's evidence of specific intent, although such cases will be rare." *Id.* at 874.

We discern no abuse of discretion in the district court's decision to exclude Hayward's testimony regarding his mental health. Hayward did not pursue an insanity defense, and he conceded before the district court that his testimony was not intended to show that he lacked the intent to commit the offenses. *See id.* Hayward nevertheless argues that he should have been permitted to testify that he could not recall making the threatening statements because he was severely mentally ill and unmedicated at the time, and that such testimony would have been relevant to his credibility and whether he possessed the requisite mens rea to threaten anyone. However, we conclude that the district court did not

3

abuse its discretion in finding that any discussion by Hayward of his mental illness or his mental state at the time of the offenses would potentially provide a diminished capacity justification for his actions, which is improper.  And although Hayward argues that the district court's ruling deprived him of his constitutional right to testify, the court's ruling did not prevent him testifying; it simply precluded his testimony that he could not remember making the threatening statements due to his mental illness.  Accordingly, we conclude that the district court's ruling granting the Government's motion in limine and excluding any evidence of Hayward's mental health was not an abuse of the court's broad discretion.

Hayward next argues that the district court erred in denying his requested jury instruction regarding unconscious bias.  We similarly review the district court's decision to decline to give a requested jury instruction for an abuse of discretion.  *United States v. Ravenell*, 66 F.4th 472, 480-81 (4th Cir. 2023).  "[A] district court commits reversible error in declining to provide a proffered jury instruction only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense."  *Id.* at 481 (citation modified).

We likewise discern no abuse of discretion in the district court's decision not to give Hayward's requested jury instruction.  Although the court did not mention unconscious bias, the court's charge to the jury discussed bias, stating: "You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes

4

or dislikes, opinions, prejudices, sympathy, or biases." The charge explicitly instructed jurors not to rely on their biases and prejudices, and further instructed them to instead rely only on the evidence and the law before them in making their decision.

More importantly, Hayward has made no showing that the district court's failure to give his requested unconscious bias instruction seriously impaired his ability to conduct his defense. Although the court declined to give Hayward's requested instruction on unconscious bias, it stated that it would allow counsel to make the argument to the jury. Thus, the absence of a jury instruction on unconscious bias did not impair Hayward's ability to argue about unconscious bias or present that defense to the jury. We conclude that the district court did not abuse its discretion in declining to give the requested jury instruction.

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*