**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4118

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY J. GRIFFITH,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:22-cr-00218-1)

Submitted:  January 22, 2026                    Decided:  January 30, 2026

Before WYNN and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Andrew J. Tessman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Billy J. Griffith of receipt of child sexual abuse material, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1) (Count 1), and possession of child sexual abuse material involving prepubescent minors, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 2). The district court sentenced Griffith to 132 months' imprisonment, a downward variance from his advisory Sentencing Guidelines range. On appeal, Griffith challenges his conviction on Count 1, arguing that the district court abused its discretion in declining to add the phrase "at the time of the receipt" to the jury instructions for the knowledge element of the receipt charge. Finding no reversible error, we affirm.

"This court reviews the district court's refusal to provide a requested jury instruction under the abuse of discretion standard." *United States v. Contreras*, 149 F.4th 349, 366 (4th Cir. 2025). A district court reversibly errs in declining to provide a "jury instruction only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Ravenell*, 66 F.4th 472, 481 (4th Cir. 2023) (internal quotation marks omitted). "This review is holistic: we do not view a single instruction in isolation; rather we consider whether, taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." *United States v. Hickman*, 626 F.3d 756, 771 (4th Cir. 2010) (alteration and internal quotation marks omitted). "A party challenging instructions faces a heavy burden, for we accord the district court much

2

discretion to fashion the charge." *United States v. Henderson*, 136 F.4th 527, 533 (4th Cir. 2025) (internal quotation marks omitted).

Section 2252A(a)(2) "prohibit[s] the (1) knowing (2) receipt . . . of child [sexual abuse material] (3) using any means in or affecting interstate or foreign commerce, including by a computer." *United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018). We have explained that, "[t]o satisfy the 'knowing' element . . . , the government must present sufficient evidence such that a rational juror could find that the defendant had knowledge of the sexually explicit nature of the materials as well as the involvement of minors in the materials' production." *Id.* (alteration and internal quotation marks omitted).

The description of the knowledge element in *Miltier* substantially matches the district court's jury instruction here. Nevertheless, relying on *United States v. Silva*, 794 F.3d 173 (1st Cir. 2015), Griffith contends that the instruction was incomplete because the district court did not advise that the Government had to prove that he had knowledge of the nature of the materials "at the time of the receipt."

Even if adding the phrase "at the time of the receipt" to the jury instructions would have been a "correct" statement of the law, Griffith has offered no argument to establish that this phrase "was not substantially covered by the court's charge to the jury[] and . . . dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired [his] ability to conduct his defense." *Ravenell*, 66 F.4th at 481 (internal quotation marks omitted). Griffith says only that, without the phrase, the jury might have been confused between the receipt and possession charges. But Griffith does not explain why or how the jury might have been confused. *See* Fed. R. App. P. 28(a)(8)(A) (requiring

3

argument section of brief to include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *United States v. Miller*, 41 F.4th 302, 313 (4th Cir. 2022) (finding argument not comporting with Rule 28(a)(8)(A) "waived"). And we have found no apparent danger of such confusion on the record.

Because Griffith has not met his heavy burden of establishing reversible error in the district court's failure to add the phrase "at the time of the receipt" to the jury instructions, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*